I concur with the majority in affirming the trial court's award of custody to the father. I respectfully dissent, however, on the issue of visitation.
The trial court awarded the mother visitation with the minor children during spring vacation each year; from July 1 to August 15 each year; at Thanksgiving during odd-numbered years; and approximately one week at Christmas each year. The order did not include any weekend visitation or any provision for birthdays, Mother's day, or other special occasions. Consequently, the mother now faces periods extending from March to July (approximately three months) without seeing her children. She faces an even longer period without visitation during even-numbered years (August 15 until Christmas, over four months).
The distance between Wetumpka, Alabama, and Enterprise, Alabama, is not such that some visitation for weekends and special occasions would be burdensome on either the parties or the children.
Nothing in the record indicated that more generous visitation would be contrary to the best interests of the minor children. Instead, the record reflected that before these proceedings, the parties had shared a joint-custody arrangement with shared visitation. The mother should be allowed to maintain a close relationship with her children. The limited visitation awarded by the trial court makes such a relationship extremely difficult at best, and in my opinion, was an abuse of discretion.